IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN A. HENTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3291 |
| | § | |
| KEITH WARREN, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff John A. Henton, a parolee of the Texas state prison system, proceeding *pro se* and *in forma pauperis*, files suit under 42 U.S.C. 1983 for violation of his right of access to the courts. In compliance with this Court's order, the Office of the Attorney General filed a special report under *Martinez v. Aaron*, 570, F.2d 317 (10th Cir. 1987). After considering plaintiff's pleadings, the special report, and the record, the Court concludes that this lawsuit fails to state a claim and should be dismissed for the reasons that follow.

**I.     BACKGROUND AND CLAIMS**

Plaintiff is a state parolee residing at the Ben A. Reid Halfway House facility in Beaumont, Texas. Plaintiff alleges that defendant is a supervisor with the Houston District Office VII of the Texas Board of Pardons and Parole. Plaintiff claims that his constitutional right of access to the Harris County Law Library is being effectively denied by defendant's unwritten rules which effectively allow him access to the law library for only four hours one

day per week. Plaintiff complains that this schedule is insufficient to allow him to adequately research the validity of his 1981 conviction.

Plaintiff requests a declaratory judgment, compensatory damages of $100,000.00, nominal damages of $100,000.00, punitive damages, and injunctive relief.

## II. ANALYSIS

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Inmates have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *McDonald v. Steward*, 132 F.3d 225, 230 (1998). Inmates do not, however, enjoy an unlimited right to access the courts; their right encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Before an inmate may prevail on a claim that his constitutional right of access

was violated, he must demonstrate "that his position as a litigant was prejudiced by his denial of access to the courts." *Id.*, at 231. That is, petitioner can only establish an access to courts claim if he can show that access to a law library for only four hours per week adversely affected his ability to file an essential court document in a timely manner. *MacDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). Petitioner in the instant case makes no allegation regarding any missed deadline or other procedural deficiency regarding a challenge to his 1981 conviction that is directly attributable to the purported lack of adequate access to a law library in 2004. Consequently, he shows no prejudice and fails to state a claim on which relief can be granted. *See Lewis v. Casey*, 518 U.S. 343, 350-53 (1996); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999).

Further, limitations may be placed on library access so long as the regulations are "reasonably related to legitimate penological interests." *McDonald*, 132 F.3d at 230. In the instant case, petitioner takes public transportation to the Harris County Law Library and uses the library's public resources unsupervised. According to the State's special report, and prior to the time petitioner began residing at the halfway facility, Ben Reid Facility administrative staff determined that residents were using their allotted law library time to leave the facility and get involved in criminal activities. (Docket Entry No. 17, affidavit of Keith Warren.) In an effort to promote public safety, procedures were changed to allow residents only four hours per week to utilize the public law library resources. (*Id.*). This constitutes a limitation on library access reasonably related to legitimate penological interests.

## III.   CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this lawsuit is **DISMISSED** for failure to state a claim on which relief can be granted. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 27th day of March, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE